IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Mandriez R. Spivey, | ) C/A No. 2:14-3012-TMC-WWD |
| Petitioner, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| USP Beaumont, | ) |
| Respondent. | ) |

Petitioner Mandriez R. Spivey ("Petitioner" or "Spivey"), proceeding *pro se*, filed the instant action pursuant to 28 U.S.C. § 2241. This matter is before the Court pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (DSC) for initial screening. Having reviewed the instant Petition and applicable law, the undersigned recommends transferring the instant action to the United States District Court for the Eastern District of Texas.

**DISCUSSION**

Although Petitioner has previously been incarcerated in the District of South Carolina, at the time he filed the instant § 2241 petition, Petitioner was incarcerated at USP Beaumont in Beaumont, Texas. (See Dkt. No. 1.) As the Fourth Circuit stated in In re Jones, 226 F.3d 328 (4th Cir. 2000), "A habeas petition under § 2241 must . . . be filed in the district in which the prisoner is confined." In re Jones, 226 F.3d at 332 (citing 28 U.S.C. § 2241(a)); see also Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004); United States v. Poole, 531 F.3d 263, 264 (4th Cir. 2008) ("In contrast to a § 2255 habeas petition, which is filed with the original sentencing court, a § 2241 habeas petition can only be filed in the district in which a prisoner is confined.").

The undersigned recommends transferring the instant case to the United States District Court for the Eastern District of Texas. Petitioner was incarcerated in that district at the time he filed the instant petition, and it appears he remains incarcerated there. Petitioner asserts that he "filed administrative remedies in USP Big Sandy and the Mid-Atlantic Region" in 2013 and "was denied." (Dkt. No. 1 at 8 of 10.) He further asserts that his previously filed case, Spivey v. Bragg, Civ. A. No. 2:14-cv-1145-TMC, was dismissed because he failed to exhaust his administrative remedies. (Id.) Because some courts have held a one-year statute of limitations applies to petitions under § 2241, the undersigned concludes the transfer serves the interests of justice. See McLean v. Smith, 193 F. Supp. 2d 867, 872 (M.D.N.C. 2002) (concluding "that the one-year limitation period applies to petitioner's challenge to the execution and calculation of his sentence"); see also 28 U.S.C. § 1631; Shaw v. United States, 417 F. App'x 311, 312 (4th Cir. 2011) (finding the district court "should have transferred [the petition] pursuant to" 28 U.S.C. § 1631 to the Northern District of Alabama because "if [the petitioner] were now to file a § 2255 motion in that district, consideration of his claims would likely be barred by the applicable one-year limitations period"); United States v. Morgan, 305 F. App'x 61, 62 (4th Cir. 2008) (vacating the district court's denial of a motion for clarification, concluding that the district court should have treated the motion as a § 2241 petition, and remanding the case to determine whether transferring the petition "to the proper federal district court would serve the interests of justice").

**RECOMMENDATION**

For the foregoing reasons, it RECOMMENDED that the instant case be transferred to the United States District Court for the Eastern District of Texas.

_____
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

September 10, 2014
Charleston, South Carolina

**Petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).